UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------x

**GUREEN REHM,**

        Plaintiff,

   v.

**UNUM LIFE INSURANCE
COMPANY OF AMERICA,**

        Defendant.

---------------------------------------------x

03- 12373 PBS

CIVIL ACTION NO.:

MAGISTRATE JUDGE _____

**COMPLAINT**

Plaintiff, GUREEN REHM, by her attorney, Stephen L. Raymond, Esq., as and for her Complaint against the defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM"), alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which for purposes of the instant case, grants to participants Long Term Disability ("LTD") and Life Insurance benefits. The LTD Plan, provides participants with LTD benefits which are fully-insured by UNUM. The Life Insurance Plan, provides participants with life insurance benefits, including continuation of life insurance coverage, and waiver of premiums, in the event of the total disability of a participant. The Life Insurance benefit is fully-insured by defendant, UNUM. In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that

arise under the laws of the United States.

2. Under the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA") (29 U.S.C. §§ 1001, *et seq.*), the Plans at issue in this litigation must contain provisions for an administrative or internal appeal of a denial of benefits. Plaintiff has exhausted all of her remedies under the terms and conditions of the relevant Plans. She has received a final denial on her claims and, therefore, this matter is properly before this Court for *de novo* judicial review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3. Plaintiff, Gureen Rhem, is a resident of Boston, Suffolk County, Massachusetts.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.

5. With respect to Plaintiff's claims, the Plan was administered, and the breach occurred within the District of Massachusetts.

6. Plaintiff's employer, Bay Cove Human Services Inc., 66 Canal Street, Boston, MA 02114, sponsored the benefits provided through the Plans.

## NATURE OF ACTION

7.  Plaintiff's first claim seeks a declaration that Plaintiff is entitled to benefits pursuant to an employee benefit plan providing for LTD benefits, sponsored and administered by Plaintiff's employer, Bay Cove Human Services Inc., and insured by UNUM under Group Policy No. 521114. Plaintiff's second claim seeks a declaration that Plaintiff is entitled to a continuation of her life insurance benefits pursuant to an employee benefit plan providing for such continuation in the event of the total disability of its participant, which plan is sponsored and administered by Plaintiff's employer, Bay Cove Human Services Inc., and insured by UNUM under Group Policy No. 521114. As Plaintiff's claims arise under employee benefit plans, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to this action. Said benefits were effective at all times relevant hereto.

## THE PARTIES

8.  Plaintiff is a 55 year-old woman who was born on January 1, 1948.

9.  Defendant, UNUM, is a wholly owned subsidiary of UNUMProvident Corporation. UNUM is engaged in the business of insurance, and is licensed and authorized to engage in the business of insurance within the Commonwealth of Massachusetts. UNUM maintains an office at 100 Summer Street, Ste. 1400, Boston, MA 02110.

## STATEMENT OF FACTS

10.   Prior to, and including March 21, 2001, Plaintiff was employed by Bay Cove Human Services Inc., as a Production Manager and subsequently, Operations Manager.

11.   For a period up to and including March 21, 2001, Plaintiff, together with other active full time employees, was covered as a participant under the Plan sponsored, funded, and administered by Plaintiff's employer. The Plan provides, *inter alia*, for payment of monthly income benefits to participants who become Disabled. Payments under the Plan begin after a claimant is disabled for a 180-day elimination period. The monthly benefit is determined based on a set percentage of pre-disability monthly earnings.

12.   The LTD Plan provides, in pertinent part:

> You are disabled when UNUM determines that:
>
> - you are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and
> - you have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury; and
> - during the elimination period, you are unable to perform any of the material and substantial duties of your regular occupation.
>
> After 60 months of payments, you are disabled when UNUM determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

LTD group insurance Certificate of Coverage at LTD-BEN 1, 2 (emphasis in original).

13.   The Plan also provides for a maximum LTD benefit period to the participant's age

65 when she becomes disabled prior to reaching age 60.

14. Plaintiff ceased work on March 21, 2001, as a result of multiple physical symptoms she experienced which limited her from performing any of the material and substantial duties of her regular occupation. Ms. Rehm has been diagnosed with morbid obesity, fibromyalgia, and sleep apnea, with their attendant symptoms of pain, weakness, and numbness as well as secondary depression.

15. Shortly after the onset, Plaintiff applied for long term disability benefits and a life insurance premium waiver under the Plan by submitting a completed claim, including her Attending Physician's Statement.

16. From March 21, 2001, through the present, Plaintiff has satisfied the Plan's definition of disability: she is limited from performing the material and substantial duties of her regular occupation due to her sickness, she has a 20% or more loss in her indexed monthly earnings due to the same sickness, and during the elimination period, she was unable to perform any of the material and substantial duties of her regular occupation.

17. By letter dated October 18, 2001, UNUM informed Plaintiff that her claim for LTD and life insurance premium waiver benefits was denied.

18. After Plaintiff received the denial notification, she requested a review of that

determination, as provided for by ERISA. In this connection, on December 3, 2001, Plaintiff sent a letter to UNUM which requested an appeal of the negative decision and included additional medical records and documents.

19. By letter dated January 8, 2002, UNUM acknowledged receipt of Plaintiff's request for appeal.

20. By letter dated January 31, 2002, UNUM issued its final denial upholding its previous decision with respect to Plaintiff's claim for LTD and life insurance premium waiver benefits.

21. In the January 31, 2002 letter, UNUM stated that the restrictions and limitations outlined by her physician were "overly restrictive," and that it was "unclear" if some of the limitations were supported.

### AS AND FOR PLAINTIFF'S FIRST CLAIM: FOR LONG TERM DISABILITY BENEFITS

22. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 21, *supra*, as if fully set forth at length.

23. ERISA mandates, in relevant part:

> [E]very employee benefit plan shall–
> \*        \*        \*

  (2)  afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

ERISA § 503(2); 29 U.S.C. § 1133(2).

24. Fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

25. Plaintiff has not been provided with a full and fair review of her claim for benefits under the terms and conditions of the Plan, and in accordance with the provisions of ERISA.

26. The long term disability claim decisions rendered in the instant action have been made by UNUM, the insurer of benefits, and as such, UNUM cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus acts under a conflict of interest.

27. Fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

28. Defendant's decisions were not supported by the medical evidence and moreover, did not correctly apply the language of the Plan.

29. Defendant's decisions in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence submitted during the review stages of Plaintiff's claim.

30. Plaintiff is disabled within the terms of the Plan maintained for the benefit of the employees of Bay Cove Human Services Inc. Plaintiff is entitled to the receipt of monthly LTD benefits pertaining to her disability from (and including) March 21, 2001, and continuing for the time allowed under the Plan.

## AS AND FOR PLAINTIFF'S SECOND CLAIM: FOR LIFE INSURANCE CONTINUATION

31. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 30, *supra*, as if fully set forth at length.

32. Fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

33. The Life Insurance Plan provides, in relevant part:

Your life insurance premium will be waived if you meet these conditions:

- you are less than 60 and insured under the plan.
- you become disabled and remain disabled during the elimination period.
- you meet the notice and proof of claim requirements for disability while your life insurance is in effect of within three months after it ends.
- your claim is approved by UNUM.

\*         \*         \*

> You are disabled when UNUM determines that:
>
> - during the elimination period, you are not working in any occupation due to your **injury** or **sickness**; and
> - after the elmination period, due to the same injury or sickness, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by training, education or experience.

Life Insurance Plan Certificate of Coverage at LIFE-BEN-2 (emphasis in original).

34. Plaintiff's claim for waiver of premium on her life insurance due to disability has been denied by UNUM, and denied upon review by letter of January 31, 2002..

35. The Life Insurance Plan's claim decisions relative to Plaintiff's continuation of Life Insurance coverage have been made by the Plan's insurer, UNUM, which as such, cannot render independent or fair decisions because it has a pecuniary interest in the final determination.

36. Fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Life Insurance Plan and thereby make decisions in accordance with Plan language.

37. Defendant, UNUM's decision to deny life insurance continuation was not supported by the medical evidence and moreover, did not correctly apply the language of the Plan.

38. Defendant, UNUM's decisions in the instant claim were arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence submitted during the review stages of Plaintiff's claim.

39. Plaintiff is disabled within the terms of the Life Insurance Plan maintained for the benefit of the employees of Bay Cove Human Services Inc. Plaintiff is entitled to the receipt of life insurance coverage as determined by the terms of the Life Insurance Plan, and continuing for the time allowed under the Life Insurance Plan.

**WHEREFORE,** Plaintiff prays for the following relief:

A. That the Court determine and then declare that under the terms of the LTD Plan, that the Plaintiff's total disability continued from March 21, 2001, within the term of coverage, and that she was and continues to be disabled within the Plan's provisions.

B. That after making such a determination, the Court ORDER the defendant, LTD Plan, to provide all disability benefits to which Plaintiff is entitled under the terms and conditions of said Plan.

C. That the Court determine and then declare that under the terms of the Life Insurance Plan, that the Plaintiff's total disability continued from March 21, 2001, within the term of coverage, and thatshewas and continues to be disabled within said Plan's provisions.

D. That after making such a determination, the Court ORDER the defendant,

Life Insurance Plan, to continue Plaintiff's life insurance coverage in force throughout the period of her disability, in accordance with the terms and conditions of said Plan.

E. That, if necessary, the Court ORDER the matter remanded to the Plan's administrator for such further and additional findings as may be reasonably necessary.

F. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

G. That the Court award Plaintiff such further, necessary, or proper relief as it deems just and equitable in the circumstances.


Dated:   Haverhill, MA
         November 21, 2003

                                    PLAINTIFF
                                    By her attorney,


                                    LAW OFFICE OF
                                    STEPHEN L. RAYMOND, ESQ.


                              By:   _____
                                    Stephen L. Raymond
                                    3 Washington Square, Ste. 206
                                    Haverhill, MA  01830
                                    (978) 372-6590
                                    BBO #567753