UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 26  A 9: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| GUREEN REHM, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 03 cv 12373 PBS |
| ) | |
| UNUM LIFE INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant ) | |

Defendant Unum Life Insurance Company of America ("Unum") answers Plaintiff's Complaint as follows:

## FIRST DEFENSE

### Jurisdiction and Venue

1.   Paragraph 1 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant Unum states that the contents of the respective Plans speak for themselves and denies any allegations to the contrary.

2.   Paragraph 2 of Plaintiff's Complaint states a legal conclusion to which no response is required.

3.   Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.   Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required.

{W0242214.1}

5. Defendant Unum denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant Unum admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## Nature of Action

7. Defendant Unum denies the allegations contained in Paragraph 7 of Plaintiff's Complaint. To the extent Paragraph 7 states a legal conclusion, no response is required.

## The Parties

8. Defendant Unum admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant Unum denies the allegations contained in the first sentence of Paragraph 9 of Plaintiff's Complaint and admits the allegations contained in the second sentence of Paragraph 9 of Plaintiff's Complaint.

## Statement of Facts

10. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant Unum states that the contents of the Plan speak for themselves, and Defendant Unum denies any allegations to the contrary.

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendant Unum states that the contents of the Plan speak for themselves, and Defendant Unum denies any allegations to the contrary.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant Unum states that the contents of the Plan speak for themselves, and Defendant Unum denies any allegations to the contrary.

14. Defendant Unum denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant Unum admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant Unum denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant Unum admits that it sent a letter to Plaintiff dated October 18, 2001, the contents of which speak for themselves.

18. Defendant admits that it received a letter from Plaintiff dated December 3, 2001, the contents of which speak for themselves.

19. Defendant Unum admits that it sent a letter to Plaintiff dated January 8, 2002, the contents of which speak for themselves.

20. Defendant Unum admits that it sent a letter to Plaintiff dated January 31, 2002, the contents of which speak for themselves.

21. Defendant Unum admits that it sent a letter to Plaintiff dated January 31, 2002, the contents of which speak for themselves.

### As For Plaintiff's First Claim:
### For Long term Disability Benefits

22. Defendant Unum repeats and reasserts with the same for and effect as if set forth in full herein its answers to the allegations contained in Paragraphs 1 through 21 of Plaintiff's Complaint.

23. Defendant Unum denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Paragraph 24 of Plaintiff's Complaint states a legal conclusion to which no response is required.

25. Defendant Unum denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant Unum denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Paragraph 27 of Plaintiff's Complaint states a legal conclusion to which no response is required.

28. Defendant Unum denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant Unum denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant Unum denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

### As and For Plaintiff's Second Claim:
### For Life Insurance Continuation

31. Defendant Unum repeats and reasserts with the same for and effect as if set forth in full herein its answers to the allegations contained in Paragraphs 1 through 30 of Plaintiff's Complaint.

32. Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required.

33. In response to Paragraph 33 of Plaintiff's Complaint, Defendant Unum states that the contents of the Plan speak for themselves, and Defendant Unum denies any allegations to the contrary.

34. Defendant Unum admits the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant Unum denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Paragraph 36 of Plaintiff's Complaint states a legal conclusion to which no response is required.

37. Defendant Unum denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant Unum denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant Unum denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

## SECOND DEFENSE

The Complaint and each and every purported claim for relief therein fail to state a claim for which relief can be granted.

## THIRD DEFENSE

To the extent the Complaint seeks remedies not provided for under ERISA, those remedies are preempted by ERISA. *Pilot Life v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

## FOURTH DEFENSE

The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

## FIFTH DEFENSE

Defendant Unum has complied with and performed all of its promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

## SIXTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendant Unum's handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SEVENTH DEFENSE

Each and every act or statement done or made by Defendant Unum and its officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

## EIGHTH DEFENSE

The Policy contains monthly benefits reductions, including but not limited to reductions for Worker's or Workmen's Compensation awards and Social Security benefits.

## NINTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which contentions Defendant denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the

possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

## TENTH DEFENSE

Defendant Unum's decisions were neither arbitrary nor capricious.

## REQUESTED RELIEF

Defendant Unum Life Insurance Company of America respectfully requests: (i) that the Court dismiss the claims against Unum with prejudice and that judgment be entered in Unum's favor on such claims; (ii) that Unum be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED: May 25, 2004

_____
Geraldine G. Sanchez
PIERCE ATWOOD
One Monument Square
Portland, ME 04101
(207) 791-1100

Attorneys for Defendant
Unum Life Insurance Company of America

## CERTIFICATE OF SERVICE

I hereby certified a copy of the within Answer was served upon counsel for Plaintiff, via overnight mail, addressed as follows:

>Stephen L. Raymond, Esq.
>3 Washington Square, Suite 206
>Haverhill, MA 01830

DATED: May 25, 2004

_Geraldine G. Sanchez_

{W0242214.1}