UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x

GUREEN REHM,

                     Plaintiff,                    Civ. No. 03-12373 PBS

      v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

                     Defendant.

------------------------------------------------------------x

## PLAINTIFF'S MOTION FOR DISCOVERY

        Pursuant to the parties' Joint Statement Regarding Pretrial Matters, and subsequent Order of this Court, Plaintiff files this Motion for Discovery.

        This case involves UNUM Life Insurance Company ("UNUM")'s denial of Plaintiff's Long Term Disability ("LTD") benefits under an employee benefit plan. The Employee Retirement Income Security act of 1974, 29 U.S.C. §§ 1001, *et seq.*, ("ERISA"), applies to this action.

        Plaintiff seeks an Order allowing Plaintiff to conduct discovery, specifically including document requests (and any necessary supporting deposition testimony) seeking any and all claims-handling policies and procedures, internal memoranda, and training materials utilized by UNUM during the pendency of Plaintiff's claim, and pertaining to the application of the plan's provisions.

## ARGUMENT

        Historically, discovery was often denied in ERISA cases such as this. In denying plaintiffs' requests for discovery, courts relied in large part upon the rationale that plaintiffs had to first overcome the "strong presumption" that the record should be confined to the material before the decision-maker. *Liston v. UNUM Corp.Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003). It made sense that plaintiffs should not be granted discovery if the discovered

information could not be reviewed by the court anyway; however, it left plaintiffs in the impossible position of overcoming the strong presumption by demonstrating that the new material was worthy of review prior to seeing what this new material might be.

However, in *Glista v. UNUM Life Insurance Co. of Am.*, 2004 U.S. App. LEXIS 16518 (1st Cir. August 11, 2004), the First Circuit has now given the courts some further guidance on what materials may be included in a review of the administrator's decision. Like the instant case, *Glista* dealt with an LTD plaintiff's suit against the insurer. The insurer in *Glista* was UNUM Life Insurance Company of America. In that "arbitrary and capricious"-review ERISA case, the court reversed the district court's exclusion of Plaintiff's supplemental materials from the administrative record. *Glista* at *53. Plaintiff had obtained procedural and training materials during discovery as well as associated deposition testimony, and the court silently endorsed such discovery, when it explicitly held that the materials were relevant to the interpretation of a clause specifically affecting the plaintiff's claim. *Glista* at *28. Moreover, the court clarified *Liston*–previously relied upon by defendants to fend-off attempts at discovery–by noting that the claimant in that case had requested discovery on "how others were treated" and as such that request was unduly burdensome on the Plan. *Glista* at *21-22. The First Circuit thus distinguished its holding in *Liston*. The written procedural materials, internal memoranda, training materials, and related deposition testimony Glista sought to have included in the court's review *were* relevant to the underlying issue in *Glista,* which was the application of the plan's pre-existing condition clause. Although not specifically stated, the *Glista* court found the discovery which had taken place below, *not* unduly burdensome.

In the instant case, the Plaintiff seeks discovery of the same type of information as was approved in *Glista:* UNUM's internal policies and procedures, internal memoranda, training materials, and related deposition testimony. "There is nothing uncommon about reviewing courts considering such internal memoranda containing ERISA interpretations," (Glista at *26-27) however, Plaintiff must be allowed an opportunity to *discover* the materials before being required to prove their relevance–and essentially–admissibility as part of the administrative record. Here, discovery of these materials is likely to lead to the production of

admissible evidence. Plaintiff expects that this discovery will reveal UNUM's internal materials relating to the interpretation of the plan's definition of disability, in the context of a claim for benefits due to (*inter alia*) Fibromyalgia. *Glista* clearly supports the allowance of such discovery.[1]

        **WHEREFORE**, the Plaintiff respectfully requests:

1. That Plaintiff be allowed discovery of the following:

   Defendant, UNUM's internal policies and procedures, internal memoranda, and training materials, which were utilized or existing during the pendency of Plaintiff's claim, and pertain to the application of the plan's provisions, and any related deposition testimony; and,

2. That Plaintiff be allowed to petition the Court for such further particular discovery as may be required.

### REQUEST FOR HEARING

Plaintiff respectfully requests to be heard with respect to this motion.

Dated: October 4, 2004
       Haverhill, MA

                                      LAW OFFICE OF
                                      STEPHEN L. RAYMOND, ESQ.
                                      Attorney for Plaintiff

                         By:    */s/ Stephen L. Raymond*
                                Stephen L. Raymond
                                3 Washington Square, Ste. 206
                                Haverhill, MA  01830
                                (978) 372-6590
                                BBO #567753

---

[1] In fact, *Glista* supports the discovery of "RIMARE," UNUM's on-line risk management manual, which provides guidance to decision-makers in evaluating LTD claims. (RIMARE "is a tool used 'to help with the analytical process of reviewing a claim.'" *Glista* at *16-17.).